

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 12, 1948

Hon. Preston E. Hutchinson, Accountant
Joint Legislative Committee
Austin, Texas

Opinion No. V-659

Re: Applicability of $35
limitation in Article
I, Section 1, third
paragraph, H. B. 295,
50th Legislature, to
sparsely settled in-
dependent school dis-
tricts.

Dear Sir:

We refer to your request for an opinion con-
cerning the applicability of the $35 per scholastic
limitation on equalization aid to independent school
districts, eligible and applying for aid, under the
third paragraph of Section 1, Art. I, H. B. 295, 50th
Legislature. We quote from your opinion request, in
part, as follows:

"The first part of this paragraph quali-
fies school districts and limits aid to
thirty-five dollars ($35) per scholastic.
The second part of the paragraph qualifies
independent school districts on about the
same basis but does not specifically say
that such districts are limited to thirty-
five dollars ($35) per scholastic. Since
the budgetary need, requirements and quali-
fications of the above named districts are
the same, we feel that it is necessary to
ask the following question:

"'Are independent districts, qualifying un-
der this special provision, limited to
thirty-five dollars ($35) per scholastic?'

"If the above question is answered in the
negative, the second question would be:

"'Are independent school districts, with
less than one hundred and fifty (150)
scholastics, as described in Article 2763,
limited to the thirty-five dollars ($35)
per scholastic?'

"Attached is an example of some ten or fif-
teen districts qualifying under this special
provision. Please note on page 1, item 8,
that said district is only applying for
thirty-five dollars ($35) per scholastic as
described in Article 1, Section 1. As you
will note on page 5, with the limitation re-
moved, said district's salary aid grant will
be raised from two thousand eight hundred
and seventy dollars ($2870) to eight thou-
sand eight hundred and seven dollars ($8807)."

The third paragraph of Section 1, of Article
I, H. B. 295, reads, in part, as follows:

"Provided that school districts in
counties having a scholastic population
equivalent to one-half of one pupil per
square mile or less in the entire county,
or school districts having a scholastic
population equivalent to one scholastic
per square mile or less and containing one
hundred (100) square miles or more in area,
may be exempt from the average daily atten-
dance requirement and the teacher-pupil
quota requirement of this Act, if it is so
recommended by the State Superintendent of
Public Instruction and approved by the Leg-
islative Accountant, for the purpose of
maintaining a high school of sixteen (16)
or more affiliated units with seven (7) or
more teachers; but in no instance may the
cost of the Equalization fund exceed thirty-
five dollars ($35.00) per pupil in such dis-
trict. And be it further provided that In-
dependent School Districts comprised of one
hundred (100) square miles or more, and that
are now accredited and equipped to maintain
a twelve (12) grade school with sixteen (16)
or more affiliated high school units, and
having a scholastic population of less than
one (1) per square mile in the district may
be exempt from the average daily attendance

and teacher-pupil quota requirements of
this Act if it is so recommended by the
State Superintendent and approved by the
Legislative Accountant for the purpose of
maintaining such accredited schools and
employing six(6) or more teachers includ-
ing the Superintendent."

The first sentence in the above quoted para-
graph is substantially the same as the third paragraph
of Section 1, Article I, S. B. 167, 49th Legislature.
The only material difference is that the 50th Legis-
lature raised the limitation figure from $25 to $35.
The remaining part of the quoted paragraph was added by
the 50th Legislature.

The first sentence in the quoted paragraph
specifically concerns (a) "school districts in counties
having a scholastic population equivalent to one-half
of one pupil per square mile or less in the entire coun-
ty," or (b) "school districts having scholastic popula-
tion equivalent to one scholastic per square mile or
less and containing 100 square miles or more in area,"
and the $35 limitation is expressly made as to "such
districts."

The second sentence in said quoted paragraph
specifically concerns "Independent School Districts"
that are now accredited and equipped to maintain a 12-
grade school with at least 16 affiliated high school
units, and which have a scholastic population of less
than one per square mile "in the district." There is
no $35 limitation made with respect to said independent
school districts.

We think the 50th Legislature by its adoption
of this second sentence provision effectively and inten-
tionally removed independent districts as designated
therein from the limitations of the first sentence. We
can perceive of no reason why the Legislature would have
added this latter provision except to free such designa-
ted independent districts from the $35 limitation appli-
cable to all school districts covered by the first part
of the paragraph.

Article VI of H. B. 295 provides, in part:

"It shall be the duty of The State
Superintendent of Public Instruction and

the Legislative Accountant to take such
action and to make such rules and regula-
tions not inconsistent with the terms of
this Act as may be necessary to carry out
the provisions of this Act, and for the
best interest of the schools for whose
benefit the Funds are appropriated. . ."

An examination of the several applications for
State-aid attached to the opinion request, which were
submitted by certain independent school districts quali-
fying under the second sentence of the third paragraph
of Section 1 of Article I of said Act, reveals that the
State Superintendent has ruled in this matter to the ef-
fect that said independent school districts are not lim-
ited by the $35 provision applicable to school districts
qualifying under the first sentence in said paragraph
four of Section 1. As indicated hereinabove, we think
the State Superintendent has ruled in this matter con-
sistent with the terms of said Act.

## SUMMARY

The Legislature, by its enactment of
the second sentence provision in the third
paragraph of Section 1 of Article I, H. B.
295, Acts 1947, intentionally removed the
sparsely settled independent school dis-
tricts therein designated from the $35
limitation applicable to other school dis-
tricts covered by said Act.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:mw

By _Chester E. Ollison_

Chester E. Ollison
Assistant

APPROVED:

_Price Daniel_
ATTORNEY GENERAL